## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **STONEMARK TECHNOLOGIES LLC,** | |
| **Plaintiff,** | **Civil Action No. ____** |
| **v.** | |
| **OFFICE DEPOT, INC.** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq*. in which Plaintiff Stonemark Technologies LLC ("Stonemark" or "Plaintiff") makes the following allegations against Defendant Office Depot, Inc. ("Office Depot" or "Defendant").

## PARTIES

1.      Stonemark is a Texas limited liability company.  Stonemark has a place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

2.      On information and belief, Office Depot is a Delaware corporation with its principal place of business at 6600 North Military Trail, Boca Raton, FL 33496.  On information and belief, Office Depot is registered to do business in the State of Texas and it may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, Corporate Creations Network Inc., 3411 Silverside Rd., #104, Rodney Building, Wilmington, DE 19810.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C.

§§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant in this action because, among other reasons, Defendant has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with the forum state of Texas.  Defendant, directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering for sale, and/or selling products and/or services that infringe the patents-in-suit.  Thus, Defendant purposefully availed itself of the benefits of doing business in the State of Texas and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.  Defendant is registered to do business in the State of Texas and has appointed Corporate Creations Network Inc., 3411 Silverside Rd., #104, Rodney Building, Wilmington, DE 19810. as its agent for service of process.

5.     Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendant is subject to personal jurisdiction in this District, have transacted business in this District and have committed acts of patent infringement in this District.

## BACKGROUND

6.     Stonemark is the owner by assignment of United States Patent No. 7,050,654 ("the '654 Patent") entitled "Methods for generating composite images including positioning grid."  The '654 Patent was duly and legally issued by the United States Patent and Trademark Office on May 23, 2006.  A true and correct copy of the '654 Patent is included as Exhibit A.

7.     Stonemark is the owner by assignment of United States Patent No. 7,236,647 ("the '647 Patent") entitled "Methods and apparatuses for generating composite images including warping."  The '647 Patent was duly and legally issued by the United States Patent and Trademark Office on June 26, 2007.  A true and correct copy of the '647 Patent is included as Exhibit B.

8.     Stonemark is the owner by assignment of United States Patent No. 7,315,659

("the '659 Patent") entitled "Methods for generating composite images including filtering and embroidery price calculation."  The '659 Patent was duly and legally issued by the United States Patent and Trademark Office on January 1, 2008.  A true and correct copy of the '659 Patent is included as Exhibit C.

9.    Stonemark is the owner by assignment of United States Patent No. 7,835,591 ("the '591 Patent") entitled "Methods and apparatus for generating composite images."  The '591 Patent was duly and legally issued by the United States Patent and Trademark Office on November 16, 2010.  A true and correct copy of the '591 Patent is included as Exhibit D.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,050,654 ("THE '654 PATENT")

10.   Stonemark references and incorporates by reference paragraphs 1 through 9 of this Complaint.

11.   On information and belief, Defendant makes, uses, offers for sale and/or sells in the United States products and/or services that infringe various claims of the '654 Patent, and continues to do so.   By way of illustrative example, these infringement products include, without limitation, Defendant's Web print center that allows users to create printed material, including all variations, versions, editions, and applications of the same ("the '654 Accused Instrumentalities").[1]

12.   On information and belief, the '654 Accused Instrumentalities allow users, for example, to generate customizable printed material, *e.g.*, business cards.[2]

13.   On information and belief, the '654 Accused Instrumentalities provide a list of images of various business card options for a user to select, including background images, through a Web interface.

14.   On information and belief, the '654 Accused Instrumentalities provide a list of

---

[1] *See*, *e.g.*, http://customprinting.officedepot.com/CategoryLandingpage.aspx?categoryid=735
[2] *See*, *e.g.*,
http://customprinting.officedepot.com/DesignBrowser.aspx?ItemID=100001&DesignClassID=0
&assetID=302&catID=454ab1f5-43fb-4011-9c65-4df18bc47dd5&sku=914829

additional images (*e.g.*, clip art) for use on the business card images by user selection through a Web interface.

15.     On information and belief, the '654 Accused Instrumentalities allow uploading of additional images for use on the business card images.

16.     On information and belief, the '654 Accused Instrumentalities' selected images are sent and communicated to a server.

17.     On information and belief, the '654 Accused Instrumentalities automatically generate a composite image of the selected business card image and the selected additional image at the server.

18.     On information and belief, the '654 Accused Instrumentalities receive a composite image of the selected business card image and the selected additional image from the server at the browser through the Web.  On information and belief, the composite image is displayed through the Web on the browser for the user.

19.     On information and belief, the '654 Accused Instrumentalities allow the user to position the selected additional image relative to the selected business card image through a Web interface on a browser.

20.     On information and belief, the '654 Accused Instrumentalities generate a relative positioning information, and communicates that information to the server over the Web.  On information and belief, the positioning of the additional images relative to the business card images includes selecting a location on a positioning grid through a Web interface presented on a browser, and the selection generates the relative position information.

21.     On information and belief, the '654 Accused Instrumentalities receive the composite image of the selected additional image and selected business card image, which is generated according to the relative positioning information, from the server to a browser.

22.     On information and belief, the '654 Accused Instrumentalities display the composite image at the browser.

23.     On information and belief, Defendant has directly infringed and continues to

directly infringe the '654 Patent by, among other things, making, using, offering for sale, and/or selling the '654 Accused Instrumentalities. On information and belief, such products and/or services are covered by one or more claims of the '654 Patent's including claims 1, 2, and 3.

24. On information and belief, Defendant has indirectly infringed and continues to indirectly infringe by way of inducing infringement by others of the '654 Patent, by, among other things, making, using, offering for sale, and/or selling, without license or authority, the '654 Accused Instrumentalities that thereby fall within the scope of at least claims 1, 2, and 3 of the '654 Patent. Defendant induces others to directly infringe by inducing or encouraging the use of the '654 Accused Instrumentalities. On information and belief, Defendant has had knowledge of the '654 Patent and, by continuing the actions described above, has had the specific intent to, or was willfully blind to the fact that its actions would, induce infringement of the '654 Patent.

25. On information and belief, Defendant has indirectly infringed and continues to indirectly infringe by way of contributing to the infringement by others of the '654 Patent, by, among other things, making, using, offering for sale, and/or selling, without license or authority, the '654 Accused Instrumentalities that thereby fall within the scope of at least claims 1, 2, and 3 of the '654 Patent. Defendant contributes to others directly infringing because it knew of the '654 Patent and knew that the use of the '654 Accused Instrumentalities would lead to infringement of the '654 Patent's claims. The '654 Accused Instrumentalities is a material part of the invention, and is especially made or especially adapted for use in the infringement of '654 Patent and is not a staple article or commodity of commerce suitable for substantial non infringing uses.

26. By making, using, offering for sale, and/or selling the '654 Accused Instrumentalities infringing the '654 Patent, Defendant has injured Stonemark and is liable to Stonemark for infringement of the '654 Patent pursuant to 35 U.S.C. § 271.

27. To the extent facts learned in discovery show that Defendant's infringement of the '654 Patent is or has been willful, Stonemark reserves the right to request such a finding at time

of trial.

28.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '654 Patent.

29.     As a result of Defendant's infringement of the '654 Patent, Stonemark has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and Stonemark will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

30.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '654 Patent, Stonemark will be greatly and irreparably harmed.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,236,647 ("THE '647 PATENT")

31.     Stonemark references and incorporates by reference paragraphs 1 through 30 of this Complaint.

32.     On information and belief, Defendant makes, uses, offers for sale and/or sells in the United States products and/or services that infringe various claims of the '647 Patent, and continues to do so.   By way of illustrative example, these infringement products include, without limitation, Defendant's Web configuration tool for creating promotional products, including all variations, versions, editions, and applications of the same ("the '647 Accused Instrumentalities").[3]

33.     On information and belief, the '647 Accused Instrumentalities allow users, for example, to generate customizable promotional products, for example, a mug.[4]

---

[3] *See*, *e.g.*, http://customprinting.officedepot.com/Default.aspx?catID=b73fc202-023f-4b32-af32-62c1171e7182
[4] *See*, *e.g.*,
http://promotionalproducts.officedepot.com/Main.aspx?action=NEW&sku=803427&pricetokens=-64_-63_34_-39_-26_55_107_-24_-119_-1_-45_127_-89_118_-33_-115_105_-67_108_-35_-

6

34.     On information and belief, the '647 Accused Instrumentalities provide a list of images of various mug options for a user to select, including background images, through a Web interface.  On information and belief, a database stores at least one of the mug images.

35.     On information and belief, the '647 Accused Instrumentalities provide a list of additional images (*e.g.*, clip art) for use on the mug images by user selection through a Web interface.  On information and belief, a database stores at least one of the additional images.

36.     On information and belief, the '647 Accused Instrumentalities allow uploading of additional images for use on the mug images.

37.     On information and belief, the '647 Accused Instrumentalities' selected images are sent and communicated to a server.

38.     On information and belief, the '647 Accused Instrumentalities automatically generates a composite image of the selected mug image and the selected additional image at the server.

39.     On information and belief, the '647 Accused Instrumentalities receive a composite image of the selected mug image and the selected additional image from the server at the browser through the Web.  On information and belief, the composite image is displayed through the Web on the browser for the user.

40.     On information and belief, the '647 Accused Instrumentalities' composite image includes warping to simulate curvature of the selected additional image as applied to the selected mug image, and the warping is determined according to a warp ratio.

41.     On information and belief, the '647 Accused Instrumentalities communicate the composite image of the selected additional image and selected mug image from the server to a

---

20_-5_-110_40_48_56_88_-116_109_67_-29_7_-110_87_-81_-35_-125_-58_-
17_82_78_61_49_58_-66_74_-41_72&cdaptokens=-99_-110_-83_-31_-7_102_-115_-34_36_-
55_-110_-98_59_80_-42_-107_-80_-1_-58_-93_-18_64_-8_-104_52_-78_-86_-62_-83_127_-
6_57_94_14_-8_35_29_-21_105_-33_104_-
87_99_115_86_48_124_22&mode=3&locale=&acctid=&wsURL=https://odws.officedepot.com/
ODWebServicesWeb/services/ODWebServices&brandid=3&zipcode=36601&configHash=F077
B259&channel=www.officedepot.com&store=

browser through the Web.

42.     On information and belief, the '647 Accused Instrumentalities display the composite image at the browser.

43.     On information and belief, Defendant has directly infringed and continues to directly infringe the '647 Patent by, among other things, making, using, offering for sale, and/or selling the '647 Accused Instrumentalities.  On information and belief, such products and/or services are covered by one or more claims of the '647 Patent's including claims 1, 4, 7, 8, 9, and 10.

44.     On information and belief, Defendant has indirectly infringed and continues to indirectly infringe by way of inducing infringement by others of the '647 Patent, by, among other things, making, using, offering for sale, and/or selling, without license or authority, the '647 Accused Instrumentalities that thereby fall within the scope of at least claims 1, 4, 7, 8, 9, and 10 of the '647 Patent.  Defendant induces others to directly infringe by inducing or encouraging the use of the '647 Accused Instrumentalities.  On information and belief, Defendant has had knowledge of the '647 Patent and, by continuing the actions described above, has had the specific intent to, or was willfully blind to the fact that its actions would, induce infringement of the '647 Patent.

45.     On information and belief, Defendant has indirectly infringed and continues to indirectly infringe by way of contributing to the infringement by others of the '647 Patent, by, among other things, making, using, offering for sale, and/or selling, without license or authority, the '647 Accused Instrumentalities that thereby fall within the scope of at least claims 1, 4, 7, 8, 9, and 10 of the '647 Patent.  Defendant contributes to others directly infringing because it knew of the '647 Patent and knew that the use of the '647 Accused Instrumentalities would lead to infringement of the '647 Patent's claims.  The '647 Accused Instrumentalities is a material part of the invention, and is especially made or especially adapted for use in the infringement of '647 Patent and is not a staple article or commodity of commerce suitable for substantial non infringing uses.

46.     By making, using, offering for sale, and/or selling the '647 Accused Instrumentalities infringing the '647 Patent, Defendant has injured Stonemark and is liable to Stonemark for infringement of the '647 Patent pursuant to 35 U.S.C. § 271.

47.     To the extent facts learned in discovery show that Defendant's infringement of the '647 Patent is or has been willful, Stonemark reserves the right to request such a finding at time of trial.

48.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '647 Patent.

49.     As a result of Defendant's infringement of the '647 Patent, Stonemark has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and Stonemark will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

50.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '647 Patent, Stonemark will be greatly and irreparably harmed.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,315,659 ("THE '659 PATENT")

51.     Stonemark references and incorporates by reference paragraphs 1 through 50 of this Complaint.

52.     On information and belief, Defendant makes, uses, offers for sale and/or sells in the United States products and/or services that infringe various claims of the '659 Patent, and continues to do so.  By way of illustrative example, these infringement products include, without limitation, Defendant's Web configuration tool for creating promotional products, including all variations, versions, editions, and applications of the same ("the '659 Accused

Instrumentalities").[5]

53.     On information and belief, the '659 Accused Instrumentalities allow users, for example, to generate customizable promotional products, for example, a mug or a shirt.[6]

54.     On information and belief, the '659 Accused Instrumentalities provide a list of images of various mug or shirt options for a user to select, including background images, through a Web interface.

55.     On information and belief, the '659 Accused Instrumentalities provide a list of additional images (*e.g.*, clip art) for use on the mug or shirt images by user selection through a Web interface.

56.     On information and belief, the '659 Accused Instrumentalities allow uploading of additional images for use on the mug or shirt images.

57.     On information and belief, the '659 Accused Instrumentalities sends and communicate the selected mug or shirt image and the selected additional image to a server.

58.     On information and belief, the '659 Accused Instrumentalities automatically

---

[5] *See*, *e.g.*, http://customprinting.officedepot.com/Default.aspx?catID=b73fc202-023f-4b32-af32-62c1171e7182

[6] *See*, *e.g.*,
http://promotionalproducts.officedepot.com/Main.aspx?action=NEW&sku=803427&pricetokens=-64_-63_34_-39_-26_55_107_-24_-119_-1_-45_127_-89_118_-33_-115_105_-67_108_-35_-20_-5_-110_40_48_56_88_-116_109_67_-29_7_-110_87_-81_-35_-125_-58_-17_82_78_61_49_58_-66_74_-41_72&cdaptokens=-99_-110_-83_-31_-7_102_-115_-34_36_-55_-110_-98_59_80_-42_-107_-80_-1_-58_-93_-18_64_-8_-104_52_-78_-86_-62_-83_127_-6_57_94_14_-8_35_29_-21_105_-33_104_-87_99_115_86_48_124_22&mode=3&locale=&acctid=&wsURL=https://odws.officedepot.com/ODWebServicesWeb/services/ODWebServices&brandid=3&zipcode=36601&configHash=F077B259&channel=www.officedepot.com&store=;
http://promotionalproducts.officedepot.com/PunchOut.axd?action=new&sku=846285&pricetokens=47_50_-79_-92_-13_13_116_-36_102_106_25_55_83_23_44_61_105_-67_108_-35_-20_-5_-110_40_48_56_88_-116_109_67_-29_7_112_42_-22_53_85_-41_94_-61_31_-86_31_-9_-94_-29_-113_-124&cdaptokens=30_-77_-105_-94_4_26_-106_116_28_-20_-42_91_22_74_77_-107_126_-93_-99_20_31_89_123_-106_-101_28_60_82_50_-63_-1_-116_126_-114_116_-79_89_72_-75_-33_95_-32_78_51_62_16_-77_-84&zipcode=33496&acctid=201000922&mode=3&local=en_us&wsURL=https%3a%2f%2fodws.officedepot.com%2fODWebServicesWeb%2fservices%2fODWebServices&brandid=3&configid=1510411997&isSample=false&channel=&configHASH=37A74FBF&store=

generate a composite image of the selected mug or shirt image and the selected additional image at the server.

59.     On information and belief, the '659 Accused Instrumentalities receive a composite image of the selected mug or shirt image and the selected additional image from the server at the browser through the Web.  On information and belief, the composite image is displayed through the Web on the browser for the user.

60.     On information and belief, the '659 Accused Instrumentalities' composite image includes filtering to simulate an appearance of the selected additional image as applied to the selected mug or shirt image according to a manufacturing process associated with a filter selection.  On information and belief, the '659 Accused Instrumentalities select filtering through a Web interface presented on a browser, where the selection of the filter generates a filtering information that is communicated to the server through the Web and used to generate the composite image at the server.

61.     On information and belief, the '659 Accused Instrumentalities receive the composite image of the selected additional image and the selected mug or shirt image from the server to a browser through the Web.

62.     On information and belief, the '659 Accused Instrumentalities displays the composite image at the browser.

63.     On information and belief, Defendant has directly infringed and continues to directly infringe the '659 Patent by, among other things, making, using, offering for sale, and/or selling the '659 Accused Instrumentalities.  On information and belief, such products and/or services are covered by one or more claims of the '659 Patent's including claims 1, 2, 6, 7, 8, 9, 10, and 11.

64.     On information and belief, Defendant has indirectly infringed and continues to indirectly infringe by way of inducing infringement by others of the '659 Patent, by, among other things, making, using, offering for sale, and/or selling, without license or authority, the '659 Accused Instrumentalities that thereby fall within the scope of at least claims 1, 2, 6, 7, 8, 9,

10, 11 of the '659 Patent.  Defendant induces others to directly infringe by inducing or encouraging the use of the '659 Accused Instrumentalities.  On information and belief, Defendant has had knowledge of the '659 Patent and, by continuing the actions described above, has had the specific intent to, or was willfully blind to the fact that its actions would, induce infringement of the '659 Patent.

65.     On information and belief, Defendant has indirectly infringed and continues to indirectly infringe by way of contributing to the infringement by others of the '659 Patent, by, among other things, making, using, offering for sale, and/or selling, without license or authority, the '659 Accused Instrumentalities that thereby fall within the scope of at least claims 1, 2, 6, 7, 8, 9, 10, and 11 of the '659 Patent.  Defendant contributes to others directly infringing because it knew of the '659 Patent and knew that the use of the '659 Accused Instrumentalities would lead to infringement of the '659 Patent's claims.  The '659 Accused Instrumentalities is a material part of the invention, and is especially made or especially adapted for use in the infringement of '659 Patent and is not a staple article or commodity of commerce suitable for substantial non infringing uses.

66.     By making, using, offering for sale, and/or selling the '659 Accused Instrumentalities infringing the '659 Patent, Defendant has injured Stonemark and is liable to Stonemark for infringement of the '659 Patent pursuant to 35 U.S.C. § 271.

67.     To the extent facts learned in discovery show that Defendant's infringement of the '659 Patent is or has been willful, Stonemark reserves the right to request such a finding at time of trial.

68.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '659 Patent.

69.     As a result of Defendant's infringement of the '659 Patent, Stonemark has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and Stonemark will continue to suffer

damages in the future unless Defendant's infringing activities are enjoined by this Court.

70.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '659 Patent, Stonemark will be greatly and irreparably harmed.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,835,591 ("THE '591 PATENT")

71.     Stonemark references and incorporates by reference paragraphs 1 through 71 of this Complaint.

72.     On information and belief, Defendant makes, uses, offers for sale and/or sells in the United States products and/or services that infringe various claims of the '591 Patent, and continues to do so.   By way of illustrative example, these infringement products include, without limitation, Defendant's Web configuration tool for creating promotional products, including all variations, versions, editions, and applications of the same ("the '591 Accused Instrumentalities").[7]

73.     On information and belief, the '591 Accused Instrumentalities allow users, for example, to generate customizable promotional products, for example, a mug.[8]

74.     On information and belief, the '591 Accused Instrumentalities provide a list of images of various mug options for a user to select, including background images and at least one imprint instruction, through a Web interface that accesses a visualization server.  On information

---

[7] *See, e.g.*, http://customprinting.officedepot.com/Default.aspx?catID=94b1b7c8-6512-49ed-84fd-b80e344e4f52

[8] *See, e.g.*, http://promotionalproducts.officedepot.com/Review.aspx?ID=b6155a5e-cf10-480a-9b82-c27d8fa5cdeb&action=NEW&sku=260835&pricetokens=-64_-63_34_-39_-26_55_107_-24_-119_-1_-45_127_-89_118_-33_-115_105_-67_108_-35_-20_-5_-110_40_48_56_88_-116_109_67_-29_7_-110_87_-81_-35_-125_-58_-17_82_78_61_49_58_-66_74_-41_72&cdaptokens=93_-75_66_34_-1_23_84_-40_-113_96_-72_-53_120_-100_63_-57_112_-104_35_33_-5_-68_-50_30_100_-126_72_50_-32_117_30_34_-91_-51_60_-12_-67_-1_-99_-34_19_-82_47_-120_-81_127_-28_6&mode=3&locale=&wsURL=https://odws.officedepot.com/ODWebServicesWeb/services/ODWebServices&brandid=3&zipcode=36601&configHash=9CE673C8&channel=www.officedepot.com&store=

and belief, a database stores at least one of the mug images.

75.     On information and belief, the '591 Accused Instrumentalities provide a list of additional images (*e.g.*, clip art) for use on the mug images by user selection through a Web interface.  On information and belief, a database stores at least one of the additional images.

76.     On information and belief, the '591 Accused Instrumentalities allow uploading of additional images for use on the mug images.

77.     On information and belief, the '591 Accused Instrumentalities' selected images are sent and communicated to a server.

78.     On information and belief, the '591 Accused Instrumentalities automatically generates a composite image of the selected mug image and the selected additional image at the server.

79.     On information and belief, the '591 Accused Instrumentalities receive a composite image of the selected mug image and the selected additional image from the server at the browser through the Web.  On information and belief, the composite image is displayed through the Web on the browser for the user.

80.     On information and belief, the '591 Accused Instrumentalities' composite image is generated where the image of the selected additional image is on the selected mug image based on at least one imprint instruction for the particular mug.

81.     On information and belief, the '591 Accused Instrumentalities communicate the composite image of the selected additional image and selected mug image from the server to a browser through the Web.

82.     On information and belief, the '591 Accused Instrumentalities display the composite image at the browser.

83.     On information and belief, Defendant has directly infringed and continues to directly infringe the '591 Patent by, among other things, making, using, offering for sale, and/or selling the '591 Accused Instrumentalities.  On information and belief, such products and/or services are covered by one or more claims of the '591 Patent's including claims 1, 5, 11, 15, 18,

and 25.

84.     On information and belief, Defendant has indirectly infringed and continues to indirectly infringe by way of inducing infringement by others of the '591 Patent, by, among other things, making, using, offering for sale, and/or selling, without license or authority, the '591 Accused Instrumentalities that thereby fall within the scope of at least claims 1, 5, 11, 15, 18, and 25 of the '591 Patent.  Defendant induces others to directly infringe by inducing or encouraging the use of the '591 Accused Instrumentalities.   On information and belief, Defendant has had knowledge of the '591 Patent and, by continuing the actions described above, has had the specific intent to, or was willfully blind to the fact that its actions would, induce infringement of the '591 Patent.

85.     On information and belief, Defendant has indirectly infringed and continues to indirectly infringe by way of contributing to the infringement by others of the '591 Patent, by, among other things, making, using, offering for sale, and/or selling, without license or authority, the '591 Accused Instrumentalities that thereby fall within the scope of at least claims 1, 5, 11, 15, 18, and 25 of the '591 Patent.  Defendant contributes to others directly infringing because it knew of the '591 Patent and knew that the use of the '591 Accused Instrumentalities would lead to infringement of the '591 Patent's claims.  The '591 Accused Instrumentalities is a material part of the invention, and is especially made or especially adapted for use in the infringement of '591 Patent and is not a staple article or commodity of commerce suitable for substantial non infringing uses.

86.     By making, using, offering for sale, and/or selling the '591 Accused Instrumentalities infringing the '591 Patent, Defendant has injured Stonemark and is liable to Stonemark for infringement of the '591 Patent pursuant to 35 U.S.C. § 271.

87.     To the extent facts learned in discovery show that Defendant's infringement of the '591 Patent is or has been willful, Stonemark reserves the right to request such a finding at time of trial.

88.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met

with respect to the '591 Patent.

89.     As a result of Defendant's infringement of the '591 Patent, Stonemark has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and Stonemark will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

90.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '591 Patent, Stonemark will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief from this Court:

A.     A judgment that Defendant has infringed one or more claims of the '654, '647, '659, and/or '591 Patents;

B.     A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with Defendant, from infringing the '654, '647, '659, and/or '591 Patents;

C.     A judgment and order requiring Defendant to pay Stonemark its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's acts of infringement in accordance with 35 U.S.C. § 284;[9]

D.     A judgment and order requiring Defendant to provide accountings and to pay supplemental damages to Stonemark, including, without limitation, prejudgment and post-judgment interest;

E.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Stonemark its reasonable attorneys' fees against Defendant;

---

[9] The '647 Patent expired on July 27, 2015.  Accordingly, for the '647 Patent, Stonemark is only seeking relevant damages prior to July 27, 2015.

and

      F.      Any and all other relief to which Stonemark may show itself to be entitled.

## **JURY TRIAL DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Stonemark requests a trial by jury of any issues so triable by right.


Dated:  March 4, 2016                     Respectfully submitted,


/s/Andrew W. Spangler
Andrew W. Spangler
State Bar No. 24041960
Spangler Law P.C.
208 N. Green St., Ste. 300
Longview, TX 75601
Telephone: 903-753-9300
Facsimile: 903-553-0403
spangler@spanglerlawpc.com

Brian D. Ledahl (CA SB No. 186579)
John K. Woo (CA SB No. 281132)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: bledahl@raklaw.com
E-mail: jwoo@raklaw.com


Attorneys for Plaintiff,
*Stonemark Technologies LLC*